IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Crim. No. 09-0320 SOM |
| | ) | Civ. No. 11-00317 SOM/RLP |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED ORDER DENYING PETITION |
| | ) | TO VACATE, SET ASIDE, OR |
| MICHAEL STRINGER, | ) | CORRECT SENTENCE UNDER 28 |
| | ) | U.S.C. § 2255 |
| Defendant. | ) | |
| _____ | ) | |

AMENDED ORDER DENYING PETITION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

I.  INTRODUCTION AND BACKGROUND.

On January 7, 2010, pursuant to a plea agreement, Defendant Michael Stringer pled guilty to Counts 1 and 36 of the indictment. See ECF Nos. 20, 21. Count 1 charged Stringer with a scheme to defraud the State of Hawaii, Department of Taxation, by means of wire communications in violation of 18 U.S.C. § 1343. Count 36 charged Stringer with aggravated identity theft in violation of 18 U.S.C. § 1028A. See ECF No. 2.

Stringer pled guilty before a Magistrate Judge, who issued a Report and Recommendation Concerning Plea of Guilty the same day. See ECF No. 21. On January 27, 2010, this court accepted the plea of guilty. See ECF No. 23.

On October 25, 2010, the parties stipulated that "the total loss for purposes of United States Sentencing Commission Guideline calculations . . . [was] $2,495,670." See ECF No. 36.

A Presentence Investigation Report ("PSR") was prepared to aid the court in sentencing Stringer. Addendum Number 3 to the PSR indicates that the United States Sentencing Commission Guidelines Manual effective November 1, 2010, was used in calculating Stringer's advisory guideline range. The same addendum indicates that, with respect to Count 1, the base offense level for wire fraud in violation of § 1343 was 7. Given the sentencing stipulation that the amount of loss was $2,495,670, the PSR recommended increasing the offense level by 16. Because there were 24 victims, the PSR recommended further increasing the level by 2. The PSR also recommended a 2-level decrease for acceptance of responsibility under United States Sentencing Commission Guidelines Manual § 3E1.1(a) and a 1-level decrease under § 3E1.1(b) for assisting authorities in the investigation or prosecution of his own misconduct by timely notifying the Government of his intention to enter a plea of guilty. These adjustments resulted in a Total Offense Level of 22. See ECF No. 41.

The PSR detailed Stringer's lengthy criminal history, listing criminal history points as follows:

> ¶ 49--1 point for an August 1999 conviction for criminal recklessness for which Stringer received a custody sentence of 19 days;
>
> ¶ 50--1 point for a March 2001 conviction for battery for which Stringer received a custody sentence of 365 days with 365 days suspended;

> ¶ 51--2 points for an October 2001 conviction
> for theft for which Stringer received a
> custody sentence of 545 days with 455 days
> suspended;
>
> ¶ 52--1 point for an October 2003 conviction
> for driving with a suspended license for
> which Stringer received a custody sentence of
> 365 days in jail withe 351 days suspended;
>
> ¶ 53--2 points for an October 2004 conviction
> for battery for which Stringer received a
> custody sentence of 180 days with 166 days
> suspended;
>
> ¶ 54--2 points for a December 2004 conviction
> for theft for which Stringer received a
> custody sentence of 545 days with 365 days
> suspended; and
>
> ¶ 55--1 point for an April 2006 conviction
> for identity fraud for which Stringer
> received a sentence of 5 years of probation.

Because Stringer was on probation at the time he committed the crimes charged in the indictment, the PSR recommended adding 2 criminal history points pursuant to § 4A1.1(d) of the United States Sentencing Commission Guidelines Manual. This meant that the PSR was recommending 12 criminal history points, corresponding to a Criminal History Category of V. See ECF No. 41.

Given a Total Offense Level of 22 and a Criminal History Category of V, the guideline range stated in the PSR for Count 1 was 77 to 96 months. See ECF No. 41, Addendum No. 3.

With respect to Count 36 of the indictment, the violation of § 1028A, the PSR determined that "the guideline

sentence is the term of imprisonment required by statute, to run consecutively to any other sentence imposed." See ECF No. 41 ¶ 29. The PSR noted that the mandatory statutory sentence was two years for that count. Id. ¶ 88.

On November 15, 2010, the court adopted the PSR as the court's findings. See Transcript of Proceedings at 3, Nov. 15, 2010, ECF No. 48. The court sentenced Stringer to 72 months in custody for Count 1, which was below the advisory guideline range of 77 to 96 months. The court then sentenced Stringer to 24 months in custody for Count 36, with the sentence to run consecutively to the 72-month sentence for Count 1. Id. at 18. The court sentenced Stringer to supervised release of 3 years for Count 1 and 1 year for Count 36, with those terms running concurrently. Id. The court did not impose a fine, but did order $1,072,977 in restitution and $200 in special assessments. Id. The court then dismissed Counts 2 through 35 of the indictment. Id. at 19. In sentencing Stringer, the court, having considered numerous factors, determined that a total of eight years of imprisonment was an appropriate sentence. Id. at 17.

On May 16, 2011, Stringer filed the present § 2255 petition, claiming that his counsel had been ineffective. Challenges made in a § 2255 petition based on ineffective assistance of counsel are specifically allowed pursuant to

¶ 14(a) of Stringer's Memorandum of Plea Agreement.  See ECF No. 20.

On July 18, 2011, the court denied Stringer's pro se petition without a hearing.  That same day, Stringer mailed his reply in support of his § 2255 petition.  The court received the reply on July 28, 2011, and quickly vacated the July 18, 2011, order and judgment so that it could consider Stringer's reply. Having now considered the reply, the court again denies Stringer's petition without a hearing, as the record before the court conclusively demonstrates that Stringer is not entitled to § 2255 relief.  See 28 U.S.C. § 2255 (requiring a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Local Rule 7.2(d) (giving this court with the discretion to decide all matters without a hearing).

II.     ANALYSIS.

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

Stringer attacks his sentence, claiming that it resulted from two instances of attorney ineffectiveness.  First,

5

Stringer claims that his attorney was ineffective in failing to contest the court's addition of 2 criminal history points based on Stringer's commission of his offenses within two years of having completed a previous sentence.  Second, Stringer claims that his attorney was ineffective in not challenging the addition of 3 criminal history points for three misdemeanors.  Neither argument is persuasive.

To establish ineffective assistance of counsel, Stringer must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  There is "a strong presumption" that counsel's conduct was reasonable and that counsel's representation did not fall below "an objective standard of reasonableness" under "prevailing professional norms."  <u>Id.</u> at 688.  Even if a petitioner can overcome the presumption of effectiveness, the petitioner must still demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.  Because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction," judicial scrutiny of counsel's performance is highly deferential.  <u>Id.</u> at 689.

Stringer initially claims that his attorney was ineffective because he did not prevent the court from increasing his criminal history points based on Stringer's commission of his offenses within two years of having completed a previous sentence. Stringer says that, under Amendment 742, he should not have received those points. Stringer purports to quote Amendment 742. Although the Government's opposition appears to concede the existence of the quoted language, the court has been unable to locate that exact language. See United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, Amendment 742. Notwithstanding the quoting of language that is not actually in Amendment 742, Stringer is correct in asserting that, starting with the advisory guidelines effective on November 1, 2010, 2 points should no longer be added when a "defendant committed the instant offense less than two years after release from imprisonment." That is, § 4A1.1(e) of the version of the United States Sentencing Commission Guidelines Manual that took effect on November 1, 2009, was removed from the guidelines as of November 1, 2010. See United States Sentencing Commission Guidelines Manual § 4A1.1 (effective Nov. 1, 2010). The problem with Stringer's argument is that 2 criminal history points were never added to his criminal history total for his commission of

the crimes in this case within two years of having been released from imprisonment.

Stringer did receive a 2-point increase for having committed his crimes while on probation. Stringer complained about this in his reply, stating that his "criminal history score was increased based on a prior sentence of probation----something that was no longer allowed at the time of his sentencing." See Reply at 4, ECF 51, July 28, 2011. However, that 2-point increase was called for in § 4A1.1(d), even after November 1, 2010. The 2010 version of that section provides: "Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Stringer does not contest that, when he committed the offenses at issue in the criminal case before this court, he was on probation for the April 2006 identity fraud conviction in Fulton County, Georgia.

Stringer's attorney could not possibly have been ineffective for failing to prevent something that did not happen or failing to prevent a 2-point criminal history increase called for by § 4A1.1(d). His counsel's performance was not deficient on this point.

Stringer next argues that his counsel was ineffective in failing to prevent an increase in his criminal history points based on misdemeanor convictions involving custody sentences of less than 30 days in jail. Stringer did not specifically identify in his § 2255 petition which sentences should not have been counted, but appeared to be challenging a total of 3 points, 1 for each of three convictions. See 2255 Petition at 3 n.1. Stringer clarified in his reply that he is challenging the points awarded for the convictions discussed in paragraphs 49, 50, and 52 of the PSR. See Reply at 6. Stringer is incorrect in arguing that every misdemeanor sentence of less than 30 days should not be counted. To the contrary, § 4A1.2(c) states:

> Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>
> > Careless or reckless driving
> > Contempt of court
> > Disorderly conduct or disturbing the peace
> > Driving without a license or with a revoked or suspended license
> > False information to a police officer
> > Gambling

>                     Hindering or failure to obey a police
>                     officer
>                     Insufficient funds check
>                     Leaving the scene of an accident
>                     Non-support
>                     Prostitution
>                     Resisting arrest
>                     Trespassing.

One point was awarded in paragraph 49 of the PSR for Stringer's "criminal recklessness" conviction in Delaware County, Indiana. Stringer does not explain or discuss why the point should not have been awarded under § 4A1.2(c). Stringer fails to demonstrate that the "criminal recklessness" conviction was similar to any of the crimes listed in that section. Without such a demonstration, Stringer fails to show that his counsel's performance was deficient with respect to the point awarded in paragraph 49 of the PSR. That is, Stringer fails to show that he was improperly assessed 1 criminal history point under § 4A1.1(c) (effective November 1, 2010), which calls for a point to be added "for each prior sentence not counted in (a) [sentences exceeding one year and one month] or (b) [sentences of at least sixty days not counted in (a)], up to a total or **4** points."

Stringer similarly fails to demonstrate that one point should not have been awarded for the battery conviction discussed in paragraph 50 of the PSR. Battery is not similar to any of the crimes listed in § 4A1.2(c). Accordingly, the point awarded for the battery conviction was proper.

The court added 1 point for the crime of driving while a license was suspended, discussed in paragraph 52 of the PSR. Stringer may well be correct that this point should not have been added. Under § 4A1.2(c) (effective Nov. 1, 2010), a sentence of imprisonment of less than 30 days for driving with a suspended license should not have a point awarded. Under § 4A1.2(b) (effective Nov. 1, 2010), a "sentence of imprisonment" refers only to the part of a sentence that is not suspended. As discussed in paragraph 52 of the PSR, Stringer was sentenced to 365 days in custody for driving with a suspended license. However, 351 of those days were suspended, leaving him with a custody term of less than 30 days.

The court had previously thought that Stringer was challenging the addition of 1 point for the identity fraud conviction discussed in paragraph 55 of the PSR. Stringer's reply clarifies that he is not challenging this point, which was properly added in any event because the exception set forth in § 4A1.2(c) is inapplicable to probation sentences of more than a year and Stringer was sentenced to 5 years of probation.

When both of Stringer's arguments are considered, he is challenging a total of 5 criminal history points. Of those points, 2 were correctly added because he was on probation at the

time of his crimes.  Another point was correctly added for the battery conviction discussed in paragraph 50 of the PSR.  Accordingly, in the best case for Stringer, he should not have received a point for each of the convictions discussed in paragraphs 49 and 52 of the PSR.  Even if those points had not been assessed, the result would not have changed.  At sentencing, the court determined that Stringer had 12 criminal history points, putting him in Criminal History Category V.  According to the sentencing table in chapter 5 of the United States Sentencing Commission Guidelines Manual, Criminal History Category V is the category assigned to those with 10, 11, or 12 points.  Had the points relating to the convictions discussed in paragraphs 49 and 52 not been assessed, Stringer would have had 10 points.  Accordingly, even in the best case scenario for Stringer, he would still have been in Criminal History Category V.  That is, even assuming that his counsel's performance was deficient with respect to paragraphs 49 and 52 of the PSR, which this court is not finding here, that deficient performance would not have prejudiced Stringer.

The court notes that, even if Stringer could successfully challenge all 5 of the criminal history points his petition addresses, he still would have had 7 criminal history

points, which corresponds to Criminal History Category IV. Given his Total Offense Level of 22, the advisory guideline range for his conviction on Count 1 of the indictment would have then been 63 to 78 months. This court sentenced him to 72 months for Count 1, a sentence within that range.

This court determined that a sentence of 72 months was appropriate. Stringer does not show that his attorney's performance prejudiced him, as nothing in the record suggests that, having correctly calculated the guideline range and having determined that 72 months (which was below the guideline range) was appropriate, this court would have sentenced Stringer to something less.

III.     CERTIFICATE OF APPEALABILITY IS DENIED.

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The court shall issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a § 2255 petition on the merits, a petitioner, to satisfy the requirements of section 2253(c)(2), "must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not find this court's assessment of Stringer's claims to be debatable or wrong. Stringer's entire argument is that the guidelines were incorrect, but even assuming there were errors, they did not affect the guideline calculation. Having failed to show prejudice, Stringer does not show that his counsel was ineffective. Accordingly, the court denies Stringer a certificate of appealability.

IV.     CONCLUSION.

Because Stringer has failed to show that his counsel was ineffective, Stinger's § 2255 Petition is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 3, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

U.S. v. Stringer, Crim. No. 09-0320 SOM; Civ. No. 11-00317 SOM/RLP; AMENDED ORDER DENYING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255